UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BONNIE STIEF,<br><br>Plaintiff,<br><br>-v-<br><br>COSTCO WHOLESALE CORPORATION,<br><br>Defendant. | 26-CV-8206 (JMF)<br><br><u>REMAND ORDER</u> |

JESSE M. FURMAN, United States District Judge:

On September 21, 2026, Defendant filed a notice of removal of this action from the Supreme Court of New York, County of New York, asserting removal was proper on the basis of diversity jurisdiction. *See* ECF No. 1 ("Notice of Removal"), ¶ 13. On September 23, 2026, the Court ordered Defendant to show cause in writing why the case should not be remanded for lack of subject-matter jurisdiction. *See* ECF No. 7 ("OTSC"). Recognizing that "diversity jurisdiction extends only to cases in which there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000," *id.* at 1 (citing 28 U.S.C. § 1332(a)), the Court identified two deficiencies in the Notice of Removal. First, "the Notice of Removal and Complaint include only the bare allegation that 'the plaintiff's claim allegedly has a value in excess of $75,000' and that 'Plaintiff deems she is entitled to the sum which exceeds the jurisdictional limits of the lower Courts, altogether with the costs, interest and disbursements of this action for pain and suffering as alleged in plaintiff's Verified Complaint.'" *Id.* at 1. Second, "the notice of removal alleges only the place of incorporation of the corporate Defendant without also specifying the principal place of business." *Id.* at 2.

Defendant filed a letter responding to the Court's Order on October 1, 2026. *See* ECF No. 9 ("Def.'s Letter"). That letter failed to cure either of the deficiencies that the Court had identified. As to the amount in controversy, Defendant effectively conceded that it cannot — at this time — allege facts that establish the jurisdictional requirement. Its letter reports that Plaintiff has "refused to make a settlement demand or even explicitly state that the demand would be in excess of $75,000," that its motion in state court to compel a statement of damages remains undecided, and that it therefore "had no choice but to base removal on the language" that the Court found inadequate in its OTSC. Def.'s Letter 1-2. All of that may be true, but the fact remains that Defendant — who bears the burden of alleging facts to establish the Court's jurisdiction — has not alleged that the amount-in-controversy meets the threshold for removal. In any event, setting aside the amount-in-controversy issue, Defendant neglected to address the Court's order to specify the corporation's principal place of business.

In light of the foregoing, the Court concludes that the case must be remanded. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court does not reach Defendant's alternative requests that Plaintiff be ordered to respond to its Demand for Statement of Damages or that Defendant be permitted to file a second notice of removal notwithstanding the one-year limit in 28 U.S.C. § 1446(c)(1). *See* Def.'s Letter 2. Nor does the Court express a view on whether removal of this action in the future would be timely or otherwise proper.

The Clerk of Court is remand this case to the Supreme Court of the State of New York, County of New York, and to close the case on this docket.

SO ORDERED.

Dated: October 14, 2026
New York, New York

JESSE M. FURMAN
United States District Judge